IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LOUISE REMBERT,

    Plaintiff,

v.                                                            Civil Action No. 1:07CV143
                                                            (CHIEF JUDGE KEELEY)

THE CADLE COMPANY,

    Defendant.

## **ORDER SCHEDULING MEDIATION**

It appearing that the above-styled civil action would benefit from pre-trial mediation, it is ORDERED that this civil action be, and the same is hereby, scheduled for mediation on **Thursday, February 21, 2008, at 10:00 a.m.** in the chambers of United States Magistrate Judge John S. Kaull at the Federal Courthouse in Clarksburg, West Virginia. The parties or their representatives, fully authorized to make final and binding decisions on behalf of the principals MUST BE PRESENT. "Full settlement authority" means:

> (a) for a defendant, the representative must have final authority, in the representative's own discretion, to pay a settlement amount up to plaintiff's last demand; (b) for a plaintiff, such representative must have final authority, in the representative's own discretion to accept a settlement amount down to defendant's last offer; (c) for a client which is controlled by a group, like a board of directors or a claims committee, the representative must have the authority to settle for the group as described above; (d) for an insurance company with a defense or indemnity obligation, the representative must have final authority to commit the company to pay, in the representative's own discretion, an amount up to the plaintiff's last demand if within policy limits, or if not within policy limits, the limits of the policy, whichever is lower; (e) for an insurance company, with a subrogation interest in the recovery of a party, the representative must have final settlement authority to commit the company to settle, in the representatives. Counsel MAY NOT, except in extraordinary circumstances and with prior approval of the Court, serve as such representatives. Such prior approval must be requested, by written motion, within ten (10) days from the date of the entry of this Order. Failure to appear with persons

authorized to make final and binding decisions as set forth above will result in the issuance of a show cause order for sanctions.

All counsel and parties shall be prepared to negotiate openly and knowledgeably concerning the issues of the civil action in a mutual effort to reach a fair and reasonable settlement. Failure of any party or counsel to participate in good faith will be immediately brought to the attention of the presiding judge, who will be available during the mediation of this civil action. See Fed. R. Civ. P. 16(f).

If there be any objections to the scheduling of this civil action for mediation, such objections must be made in form of written motion and filed with the Court within ten days from the date of the entry of this Order. Absent a showing of good cause why this civil action should not be mediated, exemptions shall not be granted. If any party has a conflict with the scheduled mediation and desires to have the mediation rescheduled, that party must file a motion with the court indicating the nature of the conflict. Moreover, that party should, prior to the filing of such motion, consult with the other parties to the civil action and present the court, with the motion, a list of three suggested dates for rescheduling the mediation, which dates shall be as close to the date of the scheduled mediation as is possible.

At least ten days prior to the mediation conference, counsel for each party shall submit to the Clerk's Office and all counsel of record a written factual presentation, not to exceed five pages, with any pertinent supporting documents, other than the pleadings, attached.

Settlement discussions will be off the record, conducted by an impartial Mediator, subject to Federal Rule of Evidence 408, and held in strictest confidence. The Mediator will not disclose any of the information divulged by any of the parties or counsel during the settlement discussions

unless specifically authorized to do so by that party or counsel. See Fiberglass Insulators, Inc. v. Dupuy, 856 F.2d 652 (4th Cir. 1988); see also Local Court Rule Article 5, LR Civ P 16.06.

Parties and their counsel are directed to arrive at the Courthouse in advance of the scheduled mediation and to note their appearances with the Clerk of Court.

The Clerk is directed to transmit copies of this order to counsel of record herein and to the mediator.

DATED: January 11, 2008

/s/James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE